**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BENNIE BARBRE, on behalf of himself and all others similarly situated, | Civil Action No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| LOWE'S COMPANIES, INC. and GREENWORKS NORTH AMERICA, LLC, | |
| Defendants. | |

Plaintiff Bennie Barbre ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following based on personal knowledge as to his own acts and based upon the investigation conducted by his counsel as to all other allegations:

**NATURE OF THE CASE**

1.  This class action seeks damages and equitable relief arising from Defendants Lowe's Companies, Inc. and Greenworks North America, LLC's ("Defendants") false and misleading representations regarding the safety of its Kobalt-branded 24V and 48V yard power tools with USB-C batteries ("Products").

2.  Defendants are corporations that produce, market, and distribute outdoor power equipment, including the Products at issue.

3.  Accordingly, Defendants are responsible for the design, manufacture, marketing, and sale of the Products.

1

4. Defendants represented that the Products were safe and reliable, despite being aware that design and manufacturing defects rendered them hazardous.

5. As a direct result of these misrepresentations, Plaintiff and Class Members purchased defective Products that failed to perform as advertised and posed a substantial risk of serious injury.

6. The Products contain a dangerous defect. Specifically, the Products are equipped with defective lithium-ion batteries that can short-circuit when charged through the USB-C port while the batteries are inserted in the tools, posing a severe risk of fire and serious injury to consumers (the "Defect").

7. Defendants have been aware of the Defect, having received at least 34 reports of batteries producing smoke, sparking, or catching fire due to the Defect.

8. On July 9, 2026, the U.S. Consumer Product Safety Commission ("CPSC") announced a recall of approximately 554,780 Kobalt-branded garden tools sold at Lowe's retail stores nationwide and online at Lowes.com from January 2026 through May 2026 (the "Recall").

9. In addition to the Recall, consumers have been instructed by the CPSC to stop using the recalled tools immediately and contact Greenworks to arrange for a free battery replacement.

10. Consumers who purchased the Products learned through the Recall that the Products posed a serious safety hazard requiring corrective action. Defendants refuse to provide refunds for their defective Products. Instead, consumers' only option is to contact Greenworks to submit a request for a replacement battery, forcing consumers to wait and leaving them with a diminished product.

11. These corrective measures impose considerable burdens on consumers. The Recall is inconsistent with general industry practices because Defendants failed to offer refunds as an alternative to repairs or replacements when their products are recalled.

12. Based upon the foregoing, and by selling dangerously defective Products, Defendants have violated warranty provisions, violated consumer protection statutes, have been negligent, and have been unjustly enriched.

13. As a result of the foregoing, Plaintiff and the Class Members have suffered damages.

**JURISDICTION AND VENUE**

14. This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the proposed Class who are diverse from Defendants (including Plaintiff), and (4) there are more than 100 proposed Class members.

15. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves to the law, rights, and benefits of the State of Illinois.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants regularly transacts business in this District, and a substantial part of the conduct giving rise to Plaintiff's claims occurred in this District.

## PARTIES

17.     Plaintiff is a resident and citizen of Mount Vernon, Illinois.

18.     Defendant Lowe's Companies, Inc. is a North Carolina corporation headquartered in Mooresville, North Carolina.

19.     Defendant Greenworks North America, LLC is a North Carolina limited liability company headquartered in Mooresville, North Carolina.

## FACTUAL ALLEGATIONS

20.     In or around April 2026, Plaintiff purchased the Product (Kobalt 48V MAX (24Vx2) 15-in Attachment Capable Battery String Trimmer Kit, Model KMS 3248-06, Item 6036647) online from Lowe's for delivery to his residence in Illinois.

21.     At all times relevant to the issues alleged in this Complaint, Defendants were engaged in the business of designing, manufacturing, importing, marketing, labeling, distributing, selling, and/or introducing the Products into interstate commerce.

22.     Defendants manufactured and sold the Products primarily for household lawn and garden use, and implied that they were suitable for that purpose. However, Defendants failed to disclose that the Products had a latent battery defect that could cause the batteries to smoke, spark, or catch fire during charging or ordinary use, creating a risk of burn hazards or serious injury to users or bystanders.

23.     Defendants made partial representations to Plaintiff and Class Members, while suppressing the Defect. Specifically, Defendants expressly warranted that the Products were safe to use and free from the Defect.

4

24.     Plaintiff and Class members would not have bought the Products, or would not have bought them on the same terms, if the Defect had been disclosed. The materiality of the Defect also is demonstrated by the existence of the Recall.

25.     On July 9, 2026, the CPSC announced a recall of the Products due to the Defect. As a part of the Recall, consumers were urged to contact Greenworks to receive a new battery.

26.     Rather than providing a full refund, Defendants placed the burden on consumers to undertake corrective measures.

27.     Because the Products failed to perform as advertised and fell far short of the reasonable expectations of consumers, Plaintiff and Class Members suffered damages. Consumers, including Plaintiff, reasonably relied on Defendants' representations that the Products were safe and able to be used for their intended purpose.

28.     Defendants misrepresented, concealed, and otherwise omitted material facts that would have been important to Plaintiff and Class Members in deciding whether to purchase the Products. Defendants intended to, and did, deceive reasonable consumers, including Plaintiff and Class Members.

29.     Due to Defendants' intentional misrepresentations and active concealment of and/or failure to inform Plaintiff and Class Members of the Defect, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

30.     The Recall does not render this lawsuit moot because it does not provide all of the same relief available in this lawsuit. No refunds are provided, and as a result, this class action seeks monetary relief that the Recall does not provide.

5

## CLASS ACTION ALLEGATIONS

31.     Plaintiff, individually and on behalf of all others similarly situated, brings this class action pursuant to Fed. R. Civ. P. 23.

32.     The proposed Class is defined as follows:

Nationwide Class: All persons within the United States who purchased Defendants' recalled Kobalt-branded 24V and 48V yard power tools with USB-C batteries sold from January 2026 through May 2026.

Illinois Subclass: All persons within the state of Illinois who purchased Defendants' recalled Kobalt-branded 24V and 48V yard power tools with USB-C batteries sold from January 2026 through May 2026.

33.     Plaintiff reserves the right to modify, change, or expand the definitions of the proposed Classes based upon discovery and further investigation.

34.     Numerosity: The Class is so numerous that joinder of all members is impracticable. The number of units of Defendants' Products subject to the Recall is approximately 554,780.

35.     Commonality: Questions of law or fact common to the Class include, without limitation:

- Whether the Products contained the Defect alleged herein;
- Whether Defendants knew or should have known of the Defect;
- Whether Defendants had a duty to disclose the Defect to consumers;
- Whether Defendants' representations and omissions were misleading or deceptive;
- Whether Defendants' conduct constitutes an unlawful breach of express warranties;
- Whether Defendants were unjustly enriched; and
- Whether Plaintiff and Class members are entitled to damages and/or other monetary relief.

6

36.     Typicality: The claims or defenses of Plaintiff are typical of the claims or defenses of the Class. Class members were injured and suffered damages in substantially the same manner as Plaintiff, Class members have the same claims against Defendants relating to the same course of conduct, and Class members are entitled to relief under the same legal theories asserted by Plaintiff.

37.     Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed Class and has no interests antagonistic to those of the proposed Class. Plaintiff has retained counsel experienced in the prosecution of complex class actions.

38.     Predominance: Questions of law or fact common to proposed Class members predominate over any questions affecting only individual members.

39.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of the Class is impracticable.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY
(On behalf of the Nationwide Class, or alternatively, the Illinois Subclass)

40.     Plaintiff repeats and re-alleges the allegations above as if set forth herein.

41.     In connection with its sale of the Products, Defendants expressly provided warranties that the Products were free from manufacturing defects.

42.     Defendants breached its express Warranty by selling outdoor power tools that were neither free of defects nor safe to use as directed, as the batteries can short-circuit, posing a fire hazard.

43.     The Products that Plaintiff and each Class Member purchased were subject to the Defect and caused each of them injury because they would not have purchased the Products had they known of the Defect.

44.     Defendants received notice and knew of the Defect through customer complaints and testing, yet failed to provide an adequate remedy.

45.     As a result of Defendants' breach of its express Warranty, Plaintiff and Class Members have suffered damages.

## COUNT II
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(on behalf of Plaintiff and the Illinois subclass)

46.     Plaintiff repeats and re-alleges the allegations above as if set forth herein.

47.     Defendants defectively manufactured the Products purchased by Plaintiff and Class Members, and those Products posed a serious and immediate safety risk to consumers, including Plaintiff and Class Members, and the general public.

48.     Plaintiff and Class Members purchased the product new, primarily for personal or household purposes. They did not use the Products for business purposes.

49.     All the Products sold by Defendants left Defendants' facilities and control with the Defect in the manufacture of the Products.

50.     The Defect places Plaintiff and Class Members at serious safety and property damage risk upon using the Products in their homes.

51.     Defendants breached the implied warranty of merchantability because the Products: (a) are defective and pose a serious safety risk, (b) were not fit for the ordinary purposes for which they were used, (c) would not pass without objection, and (d) failed to conform to the standard performance of like products.

52.     As a direct and proximate result of Defendants' breach of the implied warranties, Plaintiff and Class Members bought the Products without knowledge of the Defect or the serious safety risk.

53.     As a direct and proximate result of Defendants' breach of the implied warranties, Plaintiff and Class Members have suffered damages.

## COUNT III
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
(on behalf of Plaintiff and the Illinois subclass)

54.     Plaintiff repeats and re-alleges the allegations above as if set forth herein.

55.     Defendants committed acts of unfair competition and deceptive acts or practices, as described above, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, et seq.).

56.     Defendants' false statements and omissions about the Products fraudulently present the impression that the Products were adequately safe for use. This conduct was designed to deceive consumers as to the true quality and value of the Products consumers purchased.

57.     Defendants knew or should have known that its false representations and conduct constituted unlawful, unfair, and fraudulent business practices likely to deceive a reasonable consumer.

58.     Plaintiff and Class Members have suffered injuries, in fact, and have lost money as a result of Defendants' violations in that they were deceived into purchasing the Products, which were not adequately safe for the purposes of Plaintiff and Illinois Subclass Members.

9

## COUNT IV
### NEGLIGENCE
(On behalf of Plaintiff and the Nationwide Class, or alternatively, the Illinois Subclass)

59.     Plaintiff repeats and re-alleges the allegations above as if set forth herein.

60.     At all times relevant, Defendants had a duty to provide Plaintiff and the other members of the Class with safe Products.

61.     Defendants breached this duty by failing to ensure the safety of its Products.

62.     As a result of the Recall, Plaintiff and other Class Members were harmed in that they suffered economic injury and lost the benefit of the bargain relating to their purchase price of Defendants' Products.

63.     Had Defendants properly designed and manufactured its tools, and properly examined and tested their Products prior to sale, Plaintiff and other Class Members would not have been injured and/or damaged as they would not have purchased unsafe products.

64.     As a direct and proximate result of Defendants' conduct, Plaintiff and Class Members have been injured and sustained damages.

## COUNT V
### UNJUST ENRICHMENT
(On behalf of Plaintiff and the Nationwide Class, or alternatively, the Illinois Subclass)

65.     Plaintiff repeats and re-alleges the allegations above as if set forth herein.

66.     Defendants represented to Plaintiff and Class members that its Products were reliable, merchantable, and in good repair.

67.     The Defect caused the Products to fail to conform to the performance, durability, capability, and reliability that Defendants represented and were therefore of a substantially lesser quality and value than Defendants represented.

68.     Defendants misrepresented, concealed, and omitted material information concerning the defect in order to induce Plaintiff and Class Members to purchase its Products at a substantially higher price than what they would otherwise have paid.

69.     Plaintiff and Class Members reasonably and justifiably relied on Defendants' representations and advertisements when purchasing their Products.

70.     Plaintiff and Class Members would not have purchased the Products if they knew of the Defect, or they would have only paid substantially less.

71.     Defendants' retention of these benefits would be inequitable because Defendants obtained benefits to the detriment of Plaintiff and Class Members when Plaintiff and Class Members did not obtain their promised benefits.

72.     As a direct and proximate result of Defendants' conduct, Plaintiff and Class Members are entitled to restitution.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

## DEMANDS FOR RELIEF

Plaintiff demands a trial by jury on all issues.

WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for judgment to be entered, against Defendants, by an order that does the following:

- certifies the proposed Class and subclasses;
- designates Plaintiff as the class representative, designates the undersigned as class counsel, and requires Defendants to bear the costs of class notice;
- requires Defendants to engage in: (a) a corrective advertising campaign and (b) any further necessary affirmative injunctive relief;
- awards: (i) declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity;
- requires Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, plus pre-judgment and post-judgement interest thereon;
- requires Defendants to disgorge or return all moneys, revenues, and profits obtained by means of any wrongful or unlawful act or practice;
- requires Defendants to pay all actual and statutory damages, permitted under the counts alleged herein;
- requires Defendants to pay punitive damages on any count so allowable;
- awards attorneys' fees and costs to Plaintiff and the Classes; and
- provides for all other just, proper relief.


Dated: August 3, 2026

By: /s/ Theodore B. Bell_____
Theodore B. Bell
Jason P. Sultzer*
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: 845-483-7100
bellt@thesutltzerlawgroup.com
sultzerj@thesultzerlawgroup.com

Jeffrey K. Brown*
Brett R. Cohen*
**LEEDS BROWN LAW, P.C.**
134 Mineola Blvd. – 2nd Floor
Mineola, NY 11501
(516) 873-9550
jbrown@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

*Counsel for Plaintiff and Proposed Class*

*pro hac vice forthcoming*

12